Jerry Robert **DAVIDSON**, Appellant,

v.

**The STATE of Texas, State.**

Nos. 2–97–631–CR, 2–97–632–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 18, 2001.

Publication Ordered Feb. 8, 2001.

Scott Brown, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Assistance Criminal Dist. Atty., Chief of the Appellate Section, Michael R. Casillas, Christy Jack, Andrew Platt, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before DAY, LIVINGSTON, and GARDNER, JJ.

**OPINION ON REMAND**

LIVINGSTON, Justice.

**I. INTRODUCTION**

Appellant Jerry Robert Davidson appeals from his convictions for indecency

with a child by contact and aggravated sexual assault of a child under 14. On appeal appellant claims the trial court erred in denying his motion to suppress the oral confession he gave to a United States customs agent in Great Falls, Montana because it did not comply with article 38.22 of the Texas Code of Criminal Procedure and violated his constitutional right against self-incrimination. On June 18, 1998 we overruled his points of error and affirmed his conviction. *Davidson v. State*, 977 S.W.2d 708 (Tex.App.—Fort Worth 1998), *rev'd*, 25 S.W.3d 183 (Tex. Crim.App.2000). On petition for discretionary review the court of criminal appeals determined that his oral statements were inadmissible because they had not been electronically recorded as required by article 38.22 section 3(a)(1). That court reversed and remanded to this court for a harm analysis. *Davidson*, 25 S.W.3d at 187. Because we determine their admission did not affect appellant's substantial rights, we affirm the trial court's judgment.

## II. FACTUAL SUMMARY

Appellant was convicted of sexually abusing his minor daughters, AP.D. and AS.D., who were nine and six at the time. During the investigation by Child Protective Services (CPS) and after the children had been removed from the home, appellant and his wife joined a traveling carnival and crossed over into Canada. In July 1995, when the carnival re-entered the United States, the United States Customs Service ran a routine check on all the carnival workers and special agent Chuck Mazzilli discovered an outstanding Texas arrest warrant for appellant.

Mazzilli detained appellant when he crossed the border into Great Falls, Montana. Mazzilli read appellant his *Miranda* rights and appellant signed an acknowl-edgment to that effect. Mazzilli then asked appellant some questions and appellant admitted sexually abusing his two daughters, expressed remorse, and blamed his actions on his drinking. Appellant also told Mazzilli that he had apologized to his daughters and his wife. Mazzilli later wrote a report detailing appellant's statements.

On August 29, 1995, appellant was charged with indecency with a child by contact and aggravated sexual assault of a child under 14. Appellant pled not guilty to both. Before trial, appellant filed a motion in limine to prevent the State from introducing any of appellant's oral statements without first having a hearing on the admissibility of the statements. He also filed a motion to suppress his oral statements. Thus, when the State expressed its intention to call Mazzilli to the stand, the court held a hearing to determine the admissibility of the statements. Appellant argued that the statements were inadmissible because Mazzilli did not record the statements in accordance with article 38.22 of the Texas Code of Criminal Procedure. Tex.Code Crim.Proc.Ann. art. 38.22, § 3(a)(1) (Vernon Supp.2001).

The trial court ruled that, as a matter of public policy, the statements were admissible under the Full Faith and Credit Clause of the United States Constitution because Mazzilli complied with Montana and federal law in obtaining the statements. In addition, the trial court made several findings of fact and conclusions of law: (1) appellant was in custody when the statements were made; (2) appellant was given and waived his *Miranda* rights; (3) appellant made the statements freely and voluntarily; (4) the statements were oral and not recorded; (5) the statements were admissible under the Full Faith and Credit Clause of the United States Constitution; and (6) Agent Mazzilli was not acting un-

der the direction of, or as an agent for, the Saginaw Police Department when the statements were made.

The jury found appellant guilty of both offenses and assessed punishment at 20 years' confinement and a $10,000 fine in the indecency with a child case and 99 years' confinement and a $10,000 fine in the aggravated sexual assault case. Our original opinion that affirmed his convictions was reversed by the court of criminal appeals because of the out-of-state custom's officer's non-compliance with Texas' article 38.22, section 3. The case is now before us on remand for a harm analysis.

## III. DISCUSSION

■ Article 38.22, section 3 of the Texas Code of Criminal Procedure dictates that:

(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement.

Tex.Code Crim.Proc.Ann. art. 38.22, § 3(a)(1).

The court of criminal appeals has now determined that article 38.22's recording requirement for an oral statement is a procedural evidentiary rule rather than a substantive exclusionary rule. *Davidson*, 25 S.W.3d at 186. Because of this we apply appellate rule 44.2(b) and disregard the error if it does not affect the appellant's substantial rights. *See* Tex.R.App.P. 44.2(b); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex.App.— Fort Worth 1998, pet. ref'd) (en banc).

■ A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); *Coggeshall*, 961 S.W.2d at 643. Accordingly, we review the record as a whole to make this determination. *Mosley*, 983 S.W.2d at 260; *see also United States v. Blake*, 107 F.3d 651, 653 (8th Cir.1997); *United States v. Wilson*, 107 F.3d 774, 785–86 (10th Cir. 1997).

We hold that, in the context of the entire case against appellant, the trial court's error in admitting Agent Mazzilli's testimony about appellant's oral statements did not have a substantial or injurious effect on the jury's verdicts and did not affect appellant's substantial rights. *See King*, 953 S.W.2d at 271. Thus, we disregard the error. *See* Tex.R.App.P. 44.2(b).

In support of this conclusion we observe that appellant did not deny that: (1) he received the *Miranda* warnings and waived his rights; (2) he made the oral statements complained of; (3) Mazzilli's testimony concerning the statements was accurate; or (4) the statements were admissible under federal and Montana law.

Additionally, we note that the same or similar testimony came in through appellant's wife before Mazzilli testified. She testified about appellant's admissions of regret to her and their daughters that were substantially similar to the statements he made to Mazzilli. *See Beck v. State*, 712 S.W.2d 745, 747–48 (Tex.Crim. App.1986). She also testified A.P.D. told her that appellant asked her "to sit on top of him and suck his dick." He told her he said those words to A.P.D. "but he thought it was me." She also stated that "he apologized to me and he apologized to the girls and he told me he thought he was talking

to me on that night." He also told her "that it wouldn't have happened if he was sober." She further testified that "he wanted us to get the kids and run." All of this testimony was corroborated by his daughter AP.D. who testified to her own abuse and that of her sister's by appellant.

For these reasons, we hold the admission of the oral statements was harmless. Thus, we overrule appellant's point and affirm the trial court's judgments.