Jaime Charles NONN, Appellant,

v.

The STATE of Texas.

No. 885–00.

Court of Criminal Appeals of Texas, En Banc.

April 4, 2001.

Norman E. McInnis, McAllen, for appellant.

Rolando Garza, Assistant District Atty., Edinburg, Matthew Paul, State's Atty., Austin, for the State.

### OPINION

JOHNSON, J., delivered the opinion for a unanimous Court.

Appellant Jaime Charles Nonn was convicted of capital murder and sentenced to life imprisonment. The court of appeals affirmed his conviction. *Nonn v. State*, 13 S.W.3d 434 (Tex.App.—Corpus Christi 2000). We granted appellant's petition for discretionary review to determine whether the court of appeals erred in affirming the trial court's admission of appellant's Illinois confession into evidence at his trial. We vacate and remand to the court of appeals for consideration of whether there was substantial compliance with art.38.22, § 2(a), of the Texas Code of Criminal Procedure.

### FACTS

On December 20, 1994, Carl Ginder of San Juan, Texas, notified the police that his wife Eleanor was missing. A patrolman subsequently investigated a vehicle which was emitting a foul odor and notified Homer Flores, an investigator for the Starr County Sheriff's Office. Flores discovered that the person who was supposed to be driving the van, Eleanor Ginder, was reported missing. He thereafter entered the van and found Eleanor's body inside. After reports that appellant and a female companion had used Eleanor Ginder's credit card to buy electronic equipment and that appellant had pawned the merchandise, police went to the home of appellant's parents, which was next door to the Ginder residence. There, the police learned that a blood-stained knife which had been found in the van with Eleanor's body matched a knife set owned by appellant's parents and that one of the knives from that set was missing. Appellant's parents informed the police that appellant was in Chicago. The police obtained ar-

rest warrants for appellant and Marie García, and informed the Chicago police about the warrants and appellant's address in Chicago.

Appellant and García were arrested in Chicago, taken to the police station and placed in separate interview rooms. Appellant was advised of his *Miranda* warnings.[1] He indicated that he understood them and that he wanted to speak to the police. He subsequently gave a written statement which described how he and García had murdered Eleanor Ginder.

At trial, appellant argued that the written statement which he gave to law-enforcement officials in the State of Illinois should be suppressed because the statement did not comply with art. 38.22, § 2 of the Texas Code of Criminal Procedure.[2] Specifically, appellant argued that the warning required by § 2(a)(5), i.e., the right to terminate the interview at any time, did not appear on the face of his written statement. The trial court denied the motion.

### COURT OF APPEALS

In determining that the trial court did not err in admitting the statement, the court of appeals cited our decision in *Alvarado v. State*, 853 S.W.2d 17, 21 (Tex.Crim. App.1993), in which we held that *Miranda* generally did not apply to confessions obtained by foreign officials. *Nonn*, 13

S.W.3d at 438–9. It held that the statement's failure to include the warnings as set out in art. 38.22 did not require that the statement be excluded from evidence, because the statement's failure to include this warning would not prevent governmental coercion by substantially deterring future violations of the constitution. *Id.* at 439. It also found that exclusion of the statement was not warranted because the assistant state's attorney for Cook County, who took appellant's written statement, testified that before appellant gave his written statement, he made sure that appellant understood his *Miranda* rights, and that appellant was warned that he had the right to terminate the interview at any time, although that particular notice did not appear on the face of appellant's written statement. *Id.* at 439–40. Finally, the court of appeals found that there was no evidence that Texas law-enforcement officials took part in appellant's arrest in Illinois, nor was there any evidence that they took part in the taking of his written statement. *Id.* at 440. Thus, it held that no agency relationship existed between Illinois and Texas law-enforcement officials, so that the former were not bound by our confession rules. *Id.*

### ANALYSIS

Recently, in *Davidson v. State*, 25 S.W.3d 183, 185–6 (Tex.Crim.App.2000),

---

**1.** *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** Art. 38.22, § 2, provides, in relevant part:

No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time ...

we held that art. 38.22 was a procedural evidentiary rule, and that "[o]ne of the basic tenets of conflict-of-law resolution ... is that the law of the forum in which the judicial proceeding is held determines the admissibility of evidence." On that basis, we held that the defendant's statements, made as a result of a custodial interrogation in Montana, should not have been admitted at his trial. *Id.* at 186.[3]

Similarly, the instant case deals not with the requirements of *Miranda,* but with the requirements of art. 38.22. Like *Davidson,* the relevant inquiry in the instant case is whether the oral statements made by appellant as a result of custodial interrogation were obtained in compliance with the dictates of art. 38.22, rather than the various issues of public policy and agency addressed by the court of appeals.

However, *Davidson* is not directly on point with the instant case. In *Davidson,* we held that because an electronic recording of the defendant's statements had not been made, the statements should not have been admitted at trial. *Davidson,* 25 S.W.3d at 186. We did so because the portion of art. 38.22 which deals with electronic recordings, section 3, did not distinguish between in-state and out-of-state oral statements, and because the legislature had expressly mandated "strict compliance" with this portion of the article. *Id.*

While the portion of art. 38.22 at issue in the instant case, section 2(a), also does not make any type of in-state/out-of-state distinction, the legislature has not mandated "strict compliance" with this section. On this basis, we have previously held that for oral statements made as a result of custodial interrogation to be admissible, the warnings given prior to those statements need to only "substantially comply" with the warnings set out in art. 38.22, § 2(a). *See, e.g., Cockrell v. State,* 933 S.W.2d 73, 90–1 (Tex.Crim.App.1996), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997); *Sosa v. State,* 769 S.W.2d 909, 915–6 (Tex.Crim.App.1989); *Bennett v. State,* 766 S.W.2d 227, 230–1 (Tex.Crim. App.1989), *cert. denied,* 492 U.S. 911, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). Therefore, on remand, the court of appeals shall determine in the first instance whether the warnings given to appellant were in substantial compliance with the requirements of art. 38.22, § 2(a).

Appellant's ground for review is sustained. The judgment of the court of appeals is vacated, and the cause is remanded for proceedings consistent with this opinion.

---

**3.** We also noted that *Alvarado, supra,* was distinguishable, because it dealt with the requirements of *Miranda,* rather than those of art. 38.22, and that in *Alvarado,* we had specifically stated that the issue of compliance with art. 38.22 was not presented to us. *Id.* at 186 n. 4.