NUMBER 13-97-658-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JAIME CHARLES NONN , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 92nd District Court

of Hidalgo County, Texas.

___________________________________________________________________


OPINION ON REMAND


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Dorsey


 On remand, we address the discrete issue of whether the oral statements made by the appellant in this case were obtained
in substantial compliance with the dictates of article 38.22 of the code of criminal procedure. See Tex. Code Crim. Proc.
Ann. art. 38.22 (Vernon 1979). (1) We hold that they were not; but that such error did not affect a substantial right of the
appellant. See Tex. R. App. P. 44.2. Accordingly, we affirm the judgment of the trial court.

 The issue in this case is whether the trial court erred in admitting written statements made by appellant which were taken
by a prosecutor while appellant was in custody in Illinois. In our original opinion, we held that the trial court did not err in
admitting the statements for various public policy reasons. See Nonn v. State, 13 S.W.3d 434, 435-36 (Tex. App.--Corpus
Christi 2000), vacated, 41 S.W.3d 677 (Tex. Crim. App. 2001). We reasoned that because the Illinois agency which took
Nonn's confession was not acting as an agent for any Texas agency when it took Nonn's confession, the Illinois
law-enforcement officials were not bound by our confession rules. Nonn, 13 S.W.3d at 440. We also reasoned that since
the dictates of Miranda are not generally imposed upon foreign officials, neither should the dictates of our more strict rule
of procedure regarding confessions, Rule 38.22, be imposed on confessions taken in foreign jurisdictions. Id. at 438-40
(citing to Alvarado v. State, 853 S.W.2d 17, 20-23 (Tex. Crim. App. 1993)). Finally, we reasoned that because Nonn was
given both his Miranda warnings and the additional warning required by article 38.22 (that he had the right to terminate the
interview at any time)--even though the additional warning was given to him orally rather than in writing--the trial court
was not required to suppress Nonn's statements.

 The court of criminal appeals, noting that article 38.22 is a "procedural evidentiary rule," pointed out that under basic
conflicts-of-law principles, "the law of the forum in which the judicial proceeding is held determines the admissibility of
evidence." Nonn, 41 S.W.3d at 679 (citing Davidson v. State, 25 S.W.3d 183, 185-6 (Tex. Crim. App. 2000)). Thus,
article 38.22 applies to a confession taken in another jurisdiction when the confession is sought to be admitted in a judicial
proceeding in Texas. Id.; see also Davidson, 25 S.W.3d at 186. Thus, the court held that "the relevant inquiry in the
instant case is whether the oral statements made by appellant as a result of custodial interrogation were obtained in
compliance with the dictates of art. 38.22." Nonn, 41 S.W.3d 679.

 However, the court also pointed out that strict compliance with 38.22 is not required, but rather, "substantial compliance"
will suffice. Id. (citing Cockrell v. State, 933 S.W.2d 73, 90-91 (Tex. Crim. App. 1996); Sosa v. State, 769 S.W.2d 909,
915-6 (Tex. Crim. App.1989); Bennett v. State, 766 S.W.2d 227, 230-1 (Tex. Crim. App. 1989), cert. denied, 492 U.S. 911,
109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). However, because one of the warnings was not given to the defendant in writing,
we hold that the warnings given to Nonn prior to his giving his written statements failed to substantially comply with article
38.22.

 Article 38.22(2) states:

 Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against
him in any criminal proceeding unless it is shown on the face of the statement that:

 

 (a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of
this code or received from the person to whom the statement is made a warning that:



 (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used
against him at his trial;



 (2) any statement he makes may be used as evidence against him in court;



 (3) he has the right to have a lawyer present to advise him prior to and during any questioning;



 (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any
questioning; and



 (5) he has the right to terminate the interview at any time; and



 (b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights
set out in the warning prescribed by Subsection (a) of this section.



Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979). The warnings appearing on the face of Nonn's written statement are:

 I understand that I have the right to remain silent and that anything I say can be used against me in a court of law. I
understand that I have the right to talk to a lawyer and have him present with me during questioning, and if I cannot afford
to hire a lawyer one will be appointed by the court to represent me before any questioning. Understanding these rights, I
wish to give a statement.



Missing is the warning listed in section 2(5) that Nonn had the right to terminate the interview at any time. See id. art.
38.22, § 2(5). 

 Even though that warning was not contained on the face of the confession, evidence was admitted indicating that Nonn did
receive that warning. Michael Falagario, the assistant state's attorney who took appellant's written statement, testified on
direct-examination that he explained to Nonn prior to taking his statement that he could stop the questioning at any time,
that Nonn understood this, and that Nonn went ahead and gave the confession anyway.

 Still, we cannot say that the complete failure to give one of the five warnings contained in article 38.22 amounts to
"substantial compliance" with the statute. The statute requires that five warnings be given, and that the fact that they were
given be apparent from the statement itself. See Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (Vernon 1979). The cases
regarding substantial compliance reveal that while different wording may be used to convey the meaning of the five
warnings, the complete failure to give one of them will not substantially comply with article 38.22. See, e.g., Cockrell v.
State, 933 S.W.2d 73, 91 (Tex. Crim. App. 1996) (warning that contained all warnings, but said "any statement may be
used in evidence against me at trail" rather than stating that it could be used against him at "trial" or in "court" substantially
complied with 38.22); White v. State, 779 S.W.2d 809, 826-27 (Tex. Crim. App. 1989) (warnings contained on different
form signed by appellant contemporaneously with taking the statements which contained "functional equivalent" of
statutory warnings held sufficient); Penry v. State, 691 S.W.2d 636, 643 (Tex. Crim. App. 1985) ("prior to or during any
questioning" sufficiently similar to "prior to and during any questioning"); Clark v. State, 627 S.W.2d 693, 701 (Tex. Crim.
App. 1981) ("functional equivalent" of the precise words of the statute sufficient); Hernandez v. State, 13 S.W.3d 78, 82
(Tex. App.--Texarkana 2000, no pet.) (complete failure to warn that interview can be terminated at any time does not
substantially comply with 38.22); State v. Subke, 918 S.W.2d 11, 14-15 (Tex. App.--Dallas 1995, pet. ref'd.) (officer's
warning that "any statement may be used against you at your trial" not substantial equivalent of section 2(a)(2) language
that "anything you say may be used against you in court"). Accordingly, we hold that the warnings in this case did not
substantially comply with article 38.22.

 Having determined that the trial court erred in admitting the statements that were not in substantial compliance with article
38.22, we now turn to the question of whether such error is reversible. Under Texas Rule of Appellate Procedure 44.2,
only cases involving constitutional error or error implicating a "substantial right" will be reversed. See Tex. R. App. P.
44.2. Compliance with article 38.22 is not a constitutional issue. See Davidson v. State, 25 S.W.3d 183, 191 n.4 (Tex.
Crim. App. 2000) (stating that the fact that article 38.22's requirements are not met "does not mean that the statement was
necessarily obtained as a result of any legal or constitutional violation" and that article 38.22 "is more appropriately
characterized as a procedural evidentiary rule"). The constitutional right at issue is Miranda, and we have already held that
the statement did not run afoul of those constitutional principles. See Nonn, 13 S.W.3d at 439. Thus, we must determine
whether the court's admission of the confession affected a "substantial right" belonging to Nonn. See Tex. R. App. P. 44.2
(noting that error that is not constitutional and does not affect a substantial right must be disregarded).

 When conducting a harm analysis under rule 44.2(b), the court of appeals "need only determine whether or not the error
affected a substantial right of the defendant." Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). To make this
determination, appellate courts "must decide whether the error had a substantial or injurious affect on the jury verdict." Id. 
We hold that when, as here, a statement is taken from a defendant as a result of custodial interrogation in another state, and
the evidence is undisputed that the Miranda warnings were given to the defendant in writing and the additional warning
provided by article 38.22, that the defendant was entitled to stop the interrogation at any time, was given orally, the
substantial rights of the defendant are not implicated. Accordingly, we affirm the trial court's judgment. Cf. Davidson v.
State, 42 S.W.3d 165, 166-67 (Tex. App.--Fort Worth 2001, pet. denied) (holding that violation of 38.22 did not affect
substantial right); Pina v. State, 38 S.W.3d 730, 735 (Tex. App.--Texarkana 2001, pet. ref'd.) (violation of 38.22 did not
affect substantial right).



______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 21st day of November, 2001.

1. For the facts and analysis of the six issues remaining in this appeal, see Nonn v. State, 13 S.W.3d 434, 436-37, 440-44
(Tex. App.--Corpus Christi 2000), rev'd, 41 S.W.3d 677 (Tex. Crim. App. 2001).