Jaime Charles NONN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–658–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 2001.

Rehearing Overruled March 28, 2002.

Norman E. McInnis, McAllen, for appellant.

Rene A. Guerra, Crim. Dist. Atty., Rolando Garza, Edinburg, for state.

Before: Justices DORSEY, YAÑEZ, and RODRIGUEZ.

### OPINION ON REMAND

DORSEY, Justice.

On remand, we address the discrete issue of whether the oral statements made by the appellant in this case were obtained in substantial compliance with the dictates of article 38.22 of the code of criminal procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979).[1] We hold that they were not; but that such error did not affect a substantial right of the appellant. *See* TEX.R.APP.P. 44.2. Accordingly, we affirm the judgment of the trial court.

The issue in this case is whether the trial court erred in admitting written statements made by appellant which were taken by a prosecutor while appellant was in custody in Illinois. In our original opinion, we held that the trial court did not err in admitting the statements for various public policy reasons. *See Nonn v. State*, 13 S.W.3d 434, 435–36 (Tex.App.—Corpus Christi 2000), *vacated*, 41 S.W.3d 677 (Tex. Crim.App.2001). We reasoned that because the Illinois agency which took Nonn's confession was not acting as an agent for any Texas agency when it took

Nonn's confession, the Illinois law-enforcement officials were not bound by our confession rules. *Nonn*, 13 S.W.3d at 440. We also reasoned that since the dictates of *Miranda* are not generally imposed upon foreign officials, neither should the dictates of our more strict rule of procedure regarding confessions, Rule 38.22, be imposed on confessions taken in foreign jurisdictions. *Id.* at 438–40 (citing to *Alvarado v. State*, 853 S.W.2d 17, 20–23 (Tex.Crim. App.1993)). Finally, we reasoned that because Nonn was given both his *Miranda* warnings *and* the additional warning required by article 38.22 (that he had the right to terminate the interview at any time)—even though the additional warning was given to him orally rather than in writing—the trial court was not required to suppress Nonn's statements.

The court of criminal appeals, noting that article 38.22 is a "procedural evidentiary rule," pointed out that under basic conflicts-of-law principles, "the law of the forum in which the judicial proceeding is held determines the admissibility of evidence." *Nonn*, 41 S.W.3d at 679 (citing *Davidson v. State*, 25 S.W.3d 183, 185–6 (Tex.Crim.App.2000)). Thus, article 38.22 applies to a confession taken in another jurisdiction when the confession is sought to be admitted in a judicial proceeding in Texas. *Id.; see also Davidson*, 25 S.W.3d at 186. Thus, the court held that "the relevant inquiry in the instant case is whether the oral statements made by appellant as a result of custodial interrogation were obtained in compliance with the dictates of art. 38.22." *Nonn*, 41 S.W.3d at 679.

However, the court also pointed out that strict compliance with 38.22 is not re-

---

1. For the facts and analysis of the six issues remaining in this appeal, see *Nonn v. State*, 13 S.W.3d 434, 436–37, 440–44 (Tex.App.— Corpus Christi 2000), *rev'd*, 41 S.W.3d 677 (Tex.Crim.App.2001).

quired, but rather, "substantial compliance" will suffice. *Id.* (citing *Cockrell v. State*, 933 S.W.2d 73, 90–91 (Tex.Crim. App.1996); *Sosa v. State*, 769 S.W.2d 909, 915–6 (Tex.Crim.App.1989); *Bennett v. State*, 766 S.W.2d 227, 230–1 (Tex.Crim. App.1989), *cert. denied*, 492 U.S. 911, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989)). However, because one of the warnings was not given to the defendant in writing, we hold that the warnings given to Nonn prior to his giving his written statements failed to substantially comply with article 38.22.

■ Article 38.22(2) states:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). The warnings appearing on the face of Nonn's written statement are:

I understand that I have the right to remain silent and that anything I say can be used against me in a court of law. I understand that I have the right to talk to a lawyer and have him present with me during questioning, and if I cannot afford to hire a lawyer one will be appointed by the court to represent me before any questioning. Understanding these rights, I wish to give a statement.

Missing is the warning listed in section 2(5) that Nonn had the right to terminate the interview at any time. *See id.* art. 38.22, § 2(5).

Even though that warning was not contained on the face of the confession, evidence was admitted indicating that Nonn did receive that warning. Michael Falagario, the assistant state's attorney who took appellant's written statement, testified on direct-examination that he explained to Nonn prior to taking his statement that he could stop the questioning at any time, that Nonn understood this, and that Nonn went ahead and gave the confession anyway.

Still, we cannot say that the complete failure to give one of the five warnings contained in article 38.22 amounts to "substantial compliance" with the statute. The statute requires that five warnings be given, and that the fact that they were given be apparent from the statement itself. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2 (Vernon 1979). The cases regarding substantial compliance reveal that while different wording may be used to convey the meaning of the five warnings, the complete failure to give one of them will not substantially comply with article 38.22. *See,*

*e.g., Cockrell v. State*, 933 S.W.2d 73, 91 (Tex.Crim.App.1996) (warning that contained all warnings, but said "any statement may be used in evidence against me at *trail*" rather than stating that it could be used against him at "trial" or in "court" substantially complied with 38.22); *White v. State*, 779 S.W.2d 809, 826–27 (Tex. Crim.App.1989) (warnings contained on different form signed by appellant contemporaneously with taking the statements which contained "functional equivalent" of statutory warnings held sufficient); *Penry v. State*, 691 S.W.2d 636, 643 (Tex.Crim. App.1985) ("prior to *or* during any questioning" sufficiently similar to "prior to *and* during any questioning"); *Clark v. State*, 627 S.W.2d 693, 701 (Tex.Crim.App. 1981) ("functional equivalent" of the precise words of the statute sufficient); *Hernandez v. State*, 13 S.W.3d 78, 82 (Tex. App.—Texarkana 2000, no pet.) (complete failure to warn that interview can be terminated at any time does not substantially comply with 38.22); *State v. Subke*, 918 S.W.2d 11, 14–15 (Tex.App.—Dallas 1995, pet. ref'd.) (officer's warning that "any statement may be used against you at your trial" not substantial equivalent of section 2(a)(2) language that "anything you say may be used against you in court"). Accordingly, we hold that the warnings in this case did not substantially comply with article 38.22.

■ Having determined that the trial court erred in admitting the statements that were not in substantial compliance with article 38.22, we now turn to the question of whether such error is reversible. Under Texas Rule of Appellate Procedure 44.2, only cases involving constitutional error or error implicating a "substantial right" will be reversed. *See* Tex.R.App.P. 44.2. Compliance with article 38.22 is not a constitutional issue. *See Davidson v. State*, 25 S.W.3d 183, 191

n. 4 (Tex.Crim.App.2000) (stating that the fact that article 38.22's requirements are not met "does not mean that the statement was necessarily obtained as a result of any legal or constitutional violation" and that article 38.22 "is more appropriately characterized as a procedural evidentiary rule"). The constitutional right at issue is *Miranda*, and we have already held that the statement did not run afoul of those constitutional principles. *See Nonn*, 13 S.W.3d at 439. Thus, we must determine whether the court's admission of the confession affected a "substantial right" belonging to Nonn. *See* Tex. R.App.P. 44.2 (noting that error that is not constitutional and does not affect a substantial right must be disregarded).

■ When conducting a harm analysis under rule 44.2(b), the court of appeals "need only determine whether or not the error affected a substantial right of the defendant." *Morales v. State*, 32 S.W.3d 862, 867 (Tex.Crim.App.2000). To make this determination, appellate courts "must decide whether the error had a substantial or injurious affect on the jury verdict." *Id.* We hold that when, as here, a statement is taken from a defendant as a result of custodial interrogation in another state, and the evidence is undisputed that the *Miranda* warnings were given to the defendant in writing and the additional warning provided by article 38.22, that the defendant was entitled to stop the interrogation at any time, was given orally, the substantial rights of the defendant are not implicated. Accordingly, we affirm the trial court's judgment. *Cf. Davidson v. State*, 42 S.W.3d 165, 166–67 (Tex.App.—Fort Worth 2001, pet. denied) (holding that violation of 38.22 did not affect substantial right); *Pina v. State*, 38 S.W.3d 730, 735 (Tex.App.—Texarkana 2001, pet.

ref'd.) (violation of 38.22 did not affect substantial right).