# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00240-CR
NO. 03-02-00241-CR
NO. 03-02-00242-CR

**Miguel Salas Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
NOS. 2001-029, 2001-030 & 2001-031, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted Miguel Salas Rodriguez of murder, aggravated assault, possession of a controlled substance, and delivery of a controlled substance. The jury found that Rodriguez used a deadly weapon while possessing cocaine and while committing aggravated assault. Punishment for all of the offenses was enhanced by prior convictions. The jury assessed punishment at twenty years in prison for the delivery offense and life in prison for the murder, possession, and aggravated assault offenses. The court held that each of the sentences would be cumulative to the sentence of imprisonment for seventy years assessed for a previous 1979 murder conviction.

Rodriguez raises four issues on appeal. He complains that the court erred by admitting his written statement over his objection that he was given inadequate warnings, that he was denied equal protection because the district attorney refused to give him the same discovery as other defendants in Caldwell County, that the sentences were illegal because the indictments alleged the prior enhancing offenses in the incorrect sequence, and that his trial counsel was ineffective for failing to object to the incorrect sequencing of the enhancement paragraphs. We will affirm the judgments.

## BACKGROUND

Although Rodriguez does not challenge the sufficiency of the evidence to support his conviction, we will begin with a summary of the evidence to provide context for the issues raised. Police suspected that Rodriguez was selling drugs. They used an informant to make a controlled buy of cocaine from him at his residence. Rodriguez sold drugs to the informant, who reported that cocaine was visible inside the residence. Police obtained a search warrant for the residence. They attempted to get Rodriguez to open the door voluntarily under the ruse of making another purchase. When that failed, they decided to break into the house without warning so that Rodriguez could not dispose of evidence. As the break-in began, Rodriguez shot through his door and killed a police officer.

## DISCUSSION

By his first point of error, Rodriguez complains that the court erred by admitting a written statement that lacked one of the statutorily required notifications of his rights. State law governing admission of written statements provides in relevant part:

No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court . . . .

Tex. Code Crim. Proc. Ann. art. 38.22, ' 2 (West 1979). The printed warning on Rodriguez=s written statement advised him that he had the right to remain silent and not say anything and that any oral or written statement might be used as evidence against him in *court*, but did not warn him that any statement he made could be used against him in *trial*. Rodriguez argues that proper statutory interpretation requires that we give meaning to the legislature=s use of both terms and hold that he was not warned that the statement could be used against him in trial proceedings before the court.

Case law, however, requires that we hold that the warning given satisfies the statute. A statement resulting from a custodial interrogation is admissible so long as warnings that substantially comply with the statutory requirements are given. *Cockrell v. State*, 933 S.W.2d 73, 90-91 (Tex. Crim. App. 1996); *see also Nonn v. State*, 41 S.W.3d 677, 679 (Tex. Crim. App. 2001). In *Cockrell*, the court found a warning substantially complied with the requirements even though it did not warn the accused that his statement could be used against him either in court or in trial; instead, it warned that the statement could be used against him Aat trail.@ *See Cockrell*, 933 S.W.2d at 90-91. In this case, Rodriguez was warned

3

that his statement could be used against him in court, which arguably includes proceedings up to and including trial. Rodriguez=s contrary statutory interpretation withers in the face of the *Cockrell* holding. *See id*. If a warning about use of the statement Aat trail@ suffices to warn about its possible use in court and at trial, the warning to Rodriguez about use of the statement Ain court@ substantially complies with the statute. We overrule point one.

By his second point of error, Rodriguez complains that he was denied his right to equal protection because the State refused to give him the same access to discovery enjoyed by other persons accused of crime in Caldwell County. The prosecutor admitted that he treated Rodriguez=s attorneys differently than he did other lawyers because he believed they were unethical and undeserving of professional courtesies. Rodriguez advocates for the use of the *Batson* doctrine to determine whether he was discriminated against because of the Hispanic ethnicity of himself and one of his lawyers. *See Batson v. Kentucky*, 476 U.S. 79 (1986); *Guzman v. State*, 85 S.W.3d 242, 246 (Tex. Crim. App. 2002). *Batson* and its progeny have defined a test for denials of equal protection due to strikes of jurors based on race or gender. *See Batson*, 476 U.S. at 85; *Guzman*, 85 S.W.3d at 245-46. If the defendant makes a prima facie case of discrimination, the State must provide a race-neutral explanation, and the court must decide whether the State=s explanation is a pretext for discrimination. *Guzman*, 85 S.W.3d at 245-46.

We find no reversible error. Rodriguez shows no error by the district court because he did not present this alleged error to the trial court by objecting or getting rulings. *See* Tex. R. App. P. 33.1; *Williams v. State*, 773 S.W.2d 525, 534-35 (Tex. Crim. App. 1988). Even when querying the prosecutor regarding differential treatment, he did not object to this differential treatment or ask the court to rectify it.

4

He does not complain on appeal regarding the denial of any specific request for discovery. Further, the record indicates that despite the complained-of comments the prosecutor relented and opened his file to Rodriguez≠s attorneys; thus, Rodriguez has not shown harm. *See* Tex. R. App. P. 44.2(a). Even if he had preserved error, even if the *Batson* analysis applies to this situation, and even if we assume that Rodriguez made the prima facie showing of discriminatory intent based on his ethnicity, Rodriguez has not shown himself entitled to relief. The prosecutor stated that he treated Rodriguez≠s lawyers differently because he believed they were unethical. This explanation is entirely race-neutral. There is no evidence of pretext. We find no denial of equal protection. We overrule point two.

Rodriguez≠s complaints under points of error three and four concern the order in which the State alleged his prior offenses in the indictment. He contends that the prior offenses were alleged in the reverse of the correct sequence, but that he was sentenced as if they were alleged in the correct sequence. He contends that this improper sequencing renders his sentence illegal and means that his counsel was ineffective for failing to object to the incorrect sequencing of the prior offenses in the indictment. The Texas Penal Code provides in relevant part as follows:

(a) . . . (2)  If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

. . . .

(d) If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense

5

that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Pen. Code Ann. ' 12.42 (West 2003).[1] Rodriguez relies on a case in which the court noted that proof of prior offenses did not satisfy section 12.42(d).[2] *See McBride v. State*, 840 S.W.2d 111, 118 (Tex. App.CAustin 1992, pet. ref=d).

We find no error by the district court. Rodriguez waived this complaint about the indictment by failing to object before his trial began. *See* Tex. Code Crim. Proc. Ann. art 1.14(b) (West Supp. 2003). Further, prior convictions need not be pled in the indictment in order to be used to enhance punishment.

---

[1] Section (a)(2) applies to the enhancement of the state-jail felony offense of delivery of less than one gram of cocaine that is the subject of appellate cause number 03-02-00242-CR. *See* Tex. Health & Safety Code Ann. ' 481.112(b) (West Supp. 2003). Section (d) applies to the remaining felony convictions.

[2] Although the *McBride* opinion does not specify how the proof fell short, because the two convictions cited as not satisfying the statute were both from 1986, the likely explanation is that the State could not prove that one of the 1986 convictions was final before the defendant committed the second 1986 offense. *See McBride*, 840 S.W.2d 111, 119 (Tex. App.CAustin 1992, pet. ref=d); *see also* Tex. Pen. Code Ann. ' 12.42(d).

*Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). Section 12.42 does not require any specific order of allegation or presentation of proof of prior offenses; it expressly requires only that the evidence show a particular sequence in the prior offenses. *See* Tex. Pen. Code Ann. ' 12.42; *see also Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). Rodriguez does not allege that the State=s proof failed to satisfy the statute. The court did not err by punishing Rodriguez in accordance with the evidence, regardless of the order in which the enhancement offenses were presented in the indictment. We overrule point three.

Because the sequence of the enhancement allegations was not improper, trial counsel was not deficient or ineffective by failing to object to that sequence. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We overrule point four.

## CONCLUSION

We overrule all of Rodriguez=s points of error and affirm the convictions and punishments.

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: March 27, 2003

Do Not Publish

7