TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00240-CR

NO. 03-02-00241-CR

NO. 03-02-00242-CR







Miguel Salas Rodriguez, Appellant


v.


The State of Texas, Appellee








FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT

NOS. 2001-029, 2001-030 & 2001-031, HONORABLE JACK H. ROBISON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury convicted Miguel Salas Rodriguez of murder, aggravated assault, possession
of a controlled substance, and delivery of a controlled substance. The jury found that Rodriguez
used a deadly weapon while possessing cocaine and while committing aggravated assault. 
Punishment for all of the offenses was enhanced by prior convictions. The jury assessed punishment
at twenty years in prison for the delivery offense and life in prison for the murder, possession, and
aggravated assault offenses. The court held that each of the sentences would be cumulative to the
sentence of imprisonment for seventy years assessed for a previous 1979 murder conviction.

Rodriguez raises four issues on appeal. He complains that the court erred by
admitting his written statement over his objection that he was given inadequate warnings, that he was
denied equal protection because the district attorney refused to give him the same discovery as other
defendants in Caldwell County, that the sentences were illegal because the indictments alleged the
prior enhancing offenses in the incorrect sequence, and that his trial counsel was ineffective for
failing to object to the incorrect sequencing of the enhancement paragraphs. We will affirm the
judgments.


BACKGROUND


Although Rodriguez does not challenge the sufficiency of the evidence to support his
conviction, we will begin with a summary of the evidence to provide context for the issues raised.
Police suspected that Rodriguez was selling drugs. They used an informant to make a controlled buy
of cocaine from him at his residence. Rodriguez sold drugs to the informant, who reported that
cocaine was visible inside the residence. Police obtained a search warrant for the residence. They
attempted to get Rodriguez to open the door voluntarily under the ruse of making another purchase. 
When that failed, they decided to break into the house without warning so that Rodriguez could not
dispose of evidence. As the break-in began, Rodriguez shot through his door and killed a police
officer.


DISCUSSION


 By his first point of error, Rodriguez complains that the court erred by admitting a
written statement that lacked one of the statutorily required notifications of his rights. State law
governing admission of written statements provides in relevant part: 

 No written statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is shown on
the face of the statement that:

 


 the accused, prior to making the statement, either received from a magistrate the
warning provided in Article 15.17 of this code or received from the person to
whom the statement is made a warning that:

 
 he has the right to remain silent and not make any statement at all and that
any statement he makes may be used against him at his trial;

 any statement he makes may be used as evidence against him in court . . . .


 


Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 1979). The printed warning on Rodriguez's
written statement advised him that he had the right to remain silent and not say anything and that any
oral or written statement might be used as evidence against him in court, but did not warn him that
any statement he made could be used against him in trial. Rodriguez argues that proper statutory
interpretation requires that we give meaning to the legislature's use of both terms and hold that he
was not warned that the statement could be used against him in trial proceedings before the court. 

 Case law, however, requires that we hold that the warning given satisfies the statute. 
A statement resulting from a custodial interrogation is admissible so long as warnings that
substantially comply with the statutory requirements are given. Cockrell v. State, 933 S.W.2d 73,
90-91 (Tex. Crim. App. 1996); see also Nonn v. State, 41 S.W.3d 677, 679 (Tex. Crim. App. 2001). 
In Cockrell, the court found a warning substantially complied with the requirements even though it
did not warn the accused that his statement could be used against him either in court or in trial;
instead, it warned that the statement could be used against him "at trail." See Cockrell, 933 S.W.2d
at 90-91. In this case, Rodriguez was warned that his statement could be used against him in court,
which arguably includes proceedings up to and including trial. Rodriguez's contrary statutory
interpretation withers in the face of the Cockrell holding. See id. If a warning about use of the
statement "at trail" suffices to warn about its possible use in court and at trial, the warning to
Rodriguez about use of the statement "in court" substantially complies with the statute. We overrule
point one.

 By his second point of error, Rodriguez complains that he was denied his right to
equal protection because the State refused to give him the same access to discovery enjoyed by other
persons accused of crime in Caldwell County. The prosecutor admitted that he treated Rodriguez's
attorneys differently than he did other lawyers because he believed they were unethical and
undeserving of professional courtesies. Rodriguez advocates for the use of the Batson doctrine to
determine whether he was discriminated against because of the Hispanic ethnicity of himself and one
of his lawyers. See Batson v. Kentucky, 476 U.S. 79 (1986); Guzman v. State, 85 S.W.3d 242, 246
(Tex. Crim. App. 2002). Batson and its progeny have defined a test for denials of equal protection
due to strikes of jurors based on race or gender. See Batson, 476 U.S. at 85; Guzman, 85 S.W.3d at
245-46. If the defendant makes a prima facie case of discrimination, the State must provide a race-neutral explanation, and the court must decide whether the State's explanation is a pretext for
discrimination. Guzman, 85 S.W.3d at 245-46.

 We find no reversible error. Rodriguez shows no error by the district court because
he did not present this alleged error to the trial court by objecting or getting rulings. See Tex. R.
App. P. 33.1; Williams v. State, 773 S.W.2d 525, 534-35 (Tex. Crim. App. 1988). Even when
querying the prosecutor regarding differential treatment, he did not object to this differential
treatment or ask the court to rectify it. He does not complain on appeal regarding the denial of any
specific request for discovery. Further, the record indicates that despite the complained-of comments
the prosecutor relented and opened his file to Rodriguez's attorneys; thus, Rodriguez has not shown
harm. See Tex. R. App. P. 44.2(a). Even if he had preserved error, even if the Batson analysis
applies to this situation, and even if we assume that Rodriguez made the prima facie showing of
discriminatory intent based on his ethnicity, Rodriguez has not shown himself entitled to relief. The
prosecutor stated that he treated Rodriguez's lawyers differently because he believed they were
unethical. This explanation is entirely race-neutral. There is no evidence of pretext. We find no
denial of equal protection. We overrule point two.

 Rodriguez's complaints under points of error three and four concern the order in
which the State alleged his prior offenses in the indictment. He contends that the prior offenses were
alleged in the reverse of the correct sequence, but that he was sentenced as if they were alleged in
the correct sequence. He contends that this improper sequencing renders his sentence illegal and
means that his counsel was ineffective for failing to object to the incorrect sequencing of the prior
offenses in the indictment. The Texas Penal Code provides in relevant part as follows:


 (a) . . . (2) If it is shown on the trial of a state jail felony punishable under Section
12.35(a) that the defendant has previously been finally convicted of two
felonies, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become
final, on conviction the defendant shall be punished for a second-degree
felony. 


 . . . .



 If it is shown on the trial of a felony offense other than a state jail felony
punishable under Section 12.35(a) that the defendant has previously been
finally convicted of two felony offenses, and the second previous felony
conviction is for an offense that occurred subsequent to the first previous
conviction having become final, on conviction he shall be punished by
imprisonment in the institutional division of the Texas Department of
Criminal Justice for life, or for any term of not more than 99 years or less
than 25 years.



Tex. Pen. Code Ann. § 12.42 (West 2003). (1) Rodriguez relies on a case in which the court noted that
proof of prior offenses did not satisfy section 12.42(d). (2) See McBride v. State, 840 S.W.2d 111, 118
(Tex. App.--Austin 1992, pet. ref'd).

 We find no error by the district court. Rodriguez waived this complaint about the
indictment by failing to object before his trial began. See Tex. Code Crim. Proc. Ann. art 1.14(b)
(West Supp. 2003). Further, prior convictions need not be pled in the indictment in order to be used
to enhance punishment. Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). Section 12.42
does not require any specific order of allegation or presentation of proof of prior offenses; it
expressly requires only that the evidence show a particular sequence in the prior offenses. See Tex.
Pen. Code Ann. § 12.42; see also Tomlin v. State, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). 
Rodriguez does not allege that the State's proof failed to satisfy the statute. The court did not err by
punishing Rodriguez in accordance with the evidence, regardless of the order in which the
enhancement offenses were presented in the indictment. We overrule point three.

 Because the sequence of the enhancement allegations was not improper, trial counsel
was not deficient or ineffective by failing to object to that sequence. See Strickland v. Washington,
466 U.S. 668, 687 (1984). We overrule point four.


CONCLUSION


 We overrule all of Rodriguez's points of error and affirm the convictions and
punishments.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: March 27, 2003

Do Not Publish
1. Section (a)(2) applies to the enhancement of the state-jail felony offense of delivery of less
than one gram of cocaine that is the subject of appellate cause number 03-02-00242-CR. See Tex.
Health & Safety Code Ann. § 481.112(b) (West Supp. 2003). Section (d) applies to the remaining
felony convictions.
2. Although the McBride opinion does not specify how the proof fell short, because the two
convictions cited as not satisfying the statute were both from 1986, the likely explanation is that the
State could not prove that one of the 1986 convictions was final before the defendant committed the
second 1986 offense. See McBride, 840 S.W.2d 111, 119 (Tex. App.--Austin 1992, pet. ref'd); see
also Tex. Pen. Code Ann. § 12.42(d).