NO. 07-99-0212-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 3, 2001

_____

DAVID M. GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428743; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant David M. Gutierrez appeals from his conviction for delivery of cocaine by constructive transfer. We affirm.

BACKGROUND

Department of Public Safety officer Gilbert Arredondo, as part of a "buy-bust" drug operation, arranged with David Singleterry for Arredondo to purchase one-half of a

kilogram of cocaine. Singleterry met with Arredondo at Singleterry's home and had Arredondo show $11,500 in cash which was the agreed-upon purchase price for the cocaine. Then Singleterry had Arredondo drive both of them to an apartment where Singleterry was to obtain the cocaine. Singleterry went into the apartment alone and returned with a sample of white powder. Arredondo then gave Singleterry the $11,500 cash purchase price and Singleterry went back into the apartment while Arredondo waited in the car. Singleterry emerged from the apartment, showed a bag which he indicated contained the cocaine and went around to enter the passenger side of the car. Arredondo signaled the other members of the buy-bust team to move in. Singleterry was arrested before he actually gave the bag containing cocaine to Arredondo.

Arredondo and other officers entered the apartment which Singleterry had been going in and out of. In the apartment were a young female named Virginia Lomas to whom the apartment was leased, her young daughter, two male children from neighboring apartments, and appellant. Appellant was located by himself in a bathroom connected to the master bedroom of the apartment. When he was located, appellant was on the floor of the bathroom close to the toilet. Officers found white powder on the seat of the toilet and around the base of the toilet. Ten thousand dollars of the money which had been given to Singleterry by Arredondo to purchase the cocaine was located scattered on the bed, the floor and behind a safe in the closet in the bedroom connected to the bathroom. Drug paraphernalia was also found in the bedroom. Singleterry had the remaining $1,500 of the cash given him by Arredondo.

The sample of white powder first brought out of the apartment by Singleterry, the material in the bag next brought out by Singleterry, and the white powder found on and around the toilet next to which appellant was found by the officers all turned out to be cocaine. Appellant was indicted for

> . . . intentionally and knowingly deliver[ing] to GILBERT ARREDONDO a controlled substance listed in penalty group one, namely cocaine, by aggregate weight, including adulterants and dilutants, at least four hundred (400) grams or more, by actually and constructively transferring said controlled substance . . . .

At trial the State elected to proceed on the constructive transfer charge. The jury was charged on delivery by constructive transfer and on possession with intent to deliver, as a lesser-included crime. The jury found appellant guilty of constructive transfer. Punishment was assessed at 55 years in the Institutional Division of the Texas Department of Corrections.

Appellant challenges his conviction via six issues. His first three issues challenge the sufficiency of the evidence. Issue four asserts that oral statements about the location of some of the buy money made during a custodial interrogation after his arrest were not voluntary and should have been suppressed. His fifth issue seeks remand for the entry of findings of fact and conclusions of law by the trial court in regard to the voluntariness of the custodial statement about location of part of the buy money. Issue six asserts that the trial court erroneously charged the jury that appellant could be convicted of possession

3

with intent to deliver the cocaine as a lesser-but-included offense. We will address the issues in the order presented.

ISSUES 1, 2 and 3:

INSUFFICIENCY OF THE EVIDENCE

By his first three issues, appellant contends that the evidence was insufficient to sustain his conviction for delivery of a controlled substance because (1) the State failed to show that a delivery of a controlled substance occurred; (2) the State failed to show any link between appellant and the controlled substance recovered; and (3) the State failed to show appellant had any knowledge of an ultimate transferee for the controlled substance. Although he does not specify whether he challenges the legal or factual sufficiency, appellant's brief cites cases addressing both legal and factual sufficiency. Therefore, we will construe appellant's complaint as both a legal and factual insufficiency challenge.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). Legally sufficient evidence supporting a conviction exists if the court, after reviewing the evidence in the light most favorable to the prosecution, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Clewis, 922 S.W.2d at

4

133; Geesa v. State, 820 S.W.2d 154, 156-57 (Tex.Crim.App. 1991). All of the evidence is reviewed, but evidence that does not support the conviction is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). If the legal sufficiency challenge is sustained, then a judgment of acquittal must be rendered. Clewis, 922 S.W.2d at 133.

If the evidence is legally sufficient to support the verdict, we proceed with a factual sufficiency review. Clewis, 922 S.W.2d at 133. In our review, we evaluate all the evidence without employing the prism of "in the light most favorable to the prosecution." Id. at 129. We consider all of the evidence, comparing evidence that tends to prove the existence of disputed facts with evidence that tends to disprove such facts. Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). We should set aside the verdict only when the factual finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Clewis, 922 S.W.2d at 135. In doing so, we must be mindful that the jury is the sole judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164.

Constructive delivery has been defined as a transfer of a controlled substance, either belonging to the accused or under his control, by some other person or agency, at the instance and direction of the accused. Thomas v. State, 832 S.W.2d 47, 51 (Tex.Crim.App. 1992); Roberts v. State, 866 S.W.2d 773, 778 (Tex.App.–Houston [1st Dist.] 1993, pet. ref'd). In order to prove that appellant delivered the cocaine by constructive transfer, the State must prove that: (1) prior to the alleged delivery, the transferor had

5

either direct or indirect control of the controlled substance; and (2) the transferor knew of the existence of the transferee. See Daniels v. State, 754 S.W.2d 214, 221-22 (Tex.Crim.App. 1988). As to the second element, prior to the delivery, the transferor must be aware of the existence of the ultimate transferee to the extent that he contemplated that his initial transfer would not be the final transaction in the chain of distribution. See Daniels, 754 S.W.2d at 221; Gonzalez v. State, 588 S.W.2d 574, 577 (Tex.Crim.App. 1979).

When the accused is not in exclusive possession of the place where the contraband was found, the accused's knowledge of or control over the contraband must be proved by independent facts and circumstances that affirmatively link appellant to the contraband. See Cude v. State, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986). The facts and circumstances must create a reasonable inference that the accused knew of the controlled substance's existence and that the accused exercised control over it. See Dickey v. State, 693 S.W.2d 386, 389 (Tex.Crim.App. 1984). One independent fact indicating appellant's knowledge and control of the contraband is location of the contraband in close proximity to the accused such that it is readily accessible to him. See Abdel-Sater v. State, 852 S.W.2d 671, 676 (Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). Another independent fact is if the amount of contraband found is large enough to indicate that the accused knew of its presence. See Hill v. State, 755 S.W.2d 197, 201 (Tex.App.--Houston [14th Dist.] 1988, pet. ref'd). All the facts need not point directly or indirectly to the defendant's guilt; the evidence is sufficient if the combined and cumulative effect of all the incriminating

6

circumstances point to the defendant's guilt. See Russell v. State, 655 S.W.2d 771, 776 (Tex.Crim.App. 1983).

The evidence showed that Singleterry historically obtained cocaine from a third party supplier when Arredondo made purchases from him. Arredondo testified that on September 14th, Singleterry did not have a large quantity of cocaine before he went into apartment 127. Singleterry went into the apartment and returned with a drug sample for Arredondo. After receiving $11,500 in cash from Arredondo, Singleterry returned to the apartment and came back out with what turned out to be over 470 grams of cocaine including adulterants and dilutants, and, as it turned out, without $10,000 of the buy money. Inside the apartment, officers found white powder containing a razor blade, as well as a set of digital scales in the master bedroom adjoining the bathroom where appellant was found. Appellant was found face down near a toilet that had cocaine on the toilet seat and on the floor around the toilet. Arredondo testified that in his experience, drug dealers frequently tried to destroy evidence by flushing it down a toilet when confronted by police during a drug raid. No one was in the master bedroom. The bedroom was connected to the bathroom where appellant was located, along with cocaine on the toilet. Because Singleterry took a drug sample outside, a rational jury could have concluded that whoever sold the drugs must have been aware that Singleterry was not the final purchaser in the transaction.

When viewed in the light most favorable to the prosecution, the evidence to affirmatively link appellant to the cocaine which Singleterry brought out of apartment 127

7

when he left $10,000 of Arredondo's buy money in the apartment is legally sufficient for a rational trier of fact to have found beyond a reasonable doubt that appellant possessed or controlled and delivered the cocaine to Singleterry with knowledge that the cocaine was to go to a third person transferee. See Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89; Geesa, 820 S.W.2d at 156-57. The evidence is legally sufficient to support the verdict.

As to the factual sufficiency of the evidence, appellant did not present any witnesses at trial to controvert the State's evidence. The verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis, 922 S.W.2d at 135. Appellant's first three issues are overruled.

## ISSUE 4: INVOLUNTARY CUSTODIAL
## ORAL STATEMENT

By his fourth issue, appellant contends that his post-Miranda warning statement concerning the location of the missing "buy" money being behind the safe in the closet was not voluntary and should have been suppressed. He asserts that the statement was the result of coercive police tactics and a deliberate attempt to compel him into giving up his previously asserted right to remain silent. He cites Jackson v. Denno, 378 U.S. 368, 376, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) for the proposition that a defendant is deprived of due process of law if a conviction is founded, in whole or part, on an involuntary confession. The State maintains that appellant did not object at trial on the basis that the

8

statement was involuntary and has, therefore, failed to preserve error. We agree with the State.

To preserve error for appellate review, (1) the complaining party must make a timely objection specifying the grounds for the objection, if the grounds are not apparent from the context; (2) the objection must be made at the earliest possible opportunity; and (3) the complaining party must obtain an adverse ruling from the trial court. Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). The objection will be sufficient to preserve error for appellate review if the objection communicates to the trial judge what the objecting party wants, why the objecting party thinks himself or herself entitled to relief, and does so in a manner clear enough for the judge to understand the objection and request at a time when the trial court is in a position to do something about it. See Lankston v. State, 827 S.W.2d 907, 908-09 (Tex.Crim.App. 1992). As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Id. When, however, it appears from the context that a party failed to fairly and effectively communicate the objection, its basis or the relief sought, then appellate complaint has not been preserved. Id. If the complaint on appeal does not correlate to the objection made at trial, the complainant has not preserved error. TEX. R. APP. P. 33.1(a); Dixon, 2 S.W.3d at 265; Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986).

9

Appellant's objection in the trial court specifically referenced Article 38.22 of the Texas Code of Criminal Procedure[1] and focused on whether appellant waived the Miranda rights which he claimed after Arredondo read them to him. The issue of appellant's statement disclosing the location of the missing part of the buy money arose during a *voir dire* examination of Arredondo outside the presence of the jury. The context both of Arredondo's *voir dire* examination by the State and cross-examination by appellant's counsel focused on whether appellant waived his rights in accordance with provisions of Article 38.22. Neither the State nor appellant's counsel elicited testimony concerning the subject of appellant's statement having been coerced. The trial court specifically responded to counsel's Article 38.22 objections by referencing Article 38.22 "subsection C" [sic]. Appellant's counsel did not at any time communicate to the trial judge that a due process or coerciveness issue was being urged, apart from the specific language of Article 38.22 which counsel focused on.

After the trial court overruled appellant's Article 38.22 objection during Arredondo's *voir dire* examination, the jury was brought back in. In front of the jury the State asked Arredondo about appellant's statement concerning location of the missing money. Appellant's counsel objected and specified Article 38.22 as the basis for his objection. The trial court overruled the objection.

---

[1]TEX. CRIM. PROC. CODE ANN. art. 38.22 (Vernon 1979). Further references to the Code of Criminal Procedure will be by reference to "Article_."

Appellant did not fairly and specifically object to admission of his statement on the constitutional due process basis he now urges on appeal. He has not preserved error. His fourth issue is overruled.

## ISSUE 5: FINDINGS OF FACT TO DETERMINE

## VOLUNTARINESS OF STATEMENT

By his fifth issue, appellant contends that the trial court erred by failing to enter findings of fact and conclusions of law supporting its admission of appellant's custodial statement that the missing buy money was under the safe in the bedroom closet. He asserts that such error requires abatement and remand for entry of finding of facts and conclusions. Appellant argues that Article 38.22, Section 6 requires the trial court to make findings and conclusions as to whether his statement was voluntary.

The State does not contest whether the statement was made when appellant was in custody. Rather, the State asserts that the trial court complied with Article 38.22, Section 6, because the judge made findings on the record by ruling that appellant's statements led to the discovery of the buy money. See Article 38.22 § 3(c).

We agree with appellant that the trial court was required to enter findings and conclusions as to whether his statement was voluntary. We decline to abate the appeal and remand for entry of findings and conclusions, however, for the reasons set out hereafter.

11

During the hearing on the admissibility of appellant's custodial statement, appellant's counsel objected to the admissibility of the statement on the basis of Article 38.22, Section 2(b). The trial court apparently understood the objection to be an objection under Section 3 dealing with oral statements, as opposed to Section 2 dealing with written statements, as indicated by the court's ruling:

| | |
|---|---|
| The Court: | Well, Subsection C states that Subsection A does not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of property. |
| [Defense Counsel]: | I don't have any problems with that part. I think the Court is correct as to anything regarding statements about the safe because they didn't find any money in the safe. |
| The Court: | Well, what I'm talking about is the money that was found--that was found behind the safe. |
| [Defense Counsel]: | Well, that's where my specific objection goes back to the prior section. |
| The Court: | Well, the Court will overrule your objection as to statements made by the Defendant as to the location of the remainder of the money. But we will not go into anything about him giving the combination to the safe. |

Later, when the custodial statement was addressed by testimony before the jury, appellant's counsel objected "under 38.22, Section 2, Subsection B, and also under Section 3, Subsection C(a)." The objection was overruled.

12

Although appellant's objections were not as precise as they could have been, the context of the objections and the trial court's responses indicate that the trial court understood the objection being made to the oral custodial statement. The issue was preserved for our review.

In ruling on the admissibility of a defendant's statement when the issue of voluntariness is made, the trial court must "enter an order stating its conclusions as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based." Article 38.22 § 6. The trial court may comply with Section 6 by dictating its finding of facts and conclusions of law into the record. See Lee v. State, 964 S.W.2d 3, 11-12 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd). It is mandatory that the trial court enter its findings and conclusions as to admissibility of a statement pursuant to Section 6, regardless of whether the defendant objects. See Green v. State, 906 S.W.2d 937, 939 (Tex.Crim.App. 1995).

Although the trial court stated that Article 38.22 Section 3(c) applied to appellant's statement, the judge did not address the specific reasons for ruling that the statement was voluntary. See Lee, 964 S.W.2d at 11-12; Amunson v. State, 928 S.W.2d 601, 607 (Tex.App.--San Antonio 1996, pet. ref'd). The application of Section 3(c) relieves the State of proving compliance with requirements of Section 3(a) such as the recording of an oral statement. Section 3(c) does not relieve the trial court from the clear language of Section 6 which specifies that in *all* cases where a question is raised as to the voluntariness of a statement of an accused, the trial court must make an independent finding of voluntariness

13

and enter an order stating its finding of facts and conclusions. Therefore, the trial court did not comply with the requirements of Article 38.22 Section 6.

Ordinarily, we would abate the appeal and remand the case to the trial court for entry of the findings and conclusions required by Section 6, as requested by appellant. Rather than abate and remand, however, we deem it appropriate in the interest of judicial economy to assume, *arguendo*, that admission of the statement in question was in violation of Article 38.22, regardless of whatever findings and conclusions would be entered by the trial court, and to perform a harm analysis. See Davidson v. State, 42 S.W.3d 165, 167 (Tex.App.--Fort Worth 2001, no pet. h.) (on remand).

Article 38.22 is a procedural evidentiary rule rather than a substantive exclusionary rule. Davidson v. State, 25 S.W.3d 183, 186 (Tex.Crim.App. 2000). Because of this we apply appellate rule 44.2(b) and disregard the error if it does not affect the appellant's substantial rights. See TEX. APP. P. 44.2(b); Mosley v. State, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998) (op. on reh'g); Davidson, 42 S.W.3d at 167. A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). We review the record as a whole to make this determination. Id.

Appellant's statement led the police to recover approximately $1,000 of the missing buy money from the master bedroom closet. Approximately $9,000 of the buy money was found in plain view in the master bedroom, scattered on the bed and floor leading to the

14

closet. The bedroom was connected to the bathroom in which appellant was located on the floor next to the toilet on which cocaine was found. No one other than appellant was in the master bedroom or bathroom, and the only other persons in the entire apartment were a young mother, her two-year old daughter and two neighbor children. In light of the evidence and inferences therefrom and the evidence previously discussed in connection with appellant's first three issues, we conclude that, even assuming error in admitting appellant's statement, the error was not substantial and injurious, but was slight, at most, and therefore must be disregarded. TEX. R. APP. P. 44.2(b). Appellant's fifth issue is overruled.

ISSUE 6: INCLUSION IN JURY CHARGE

OF LESSER INCLUDED OFFENSE

Appellant's sixth issue asserts that the trial court erred in charging the jury on and in allowing conviction for possession of cocaine with intent to deliver as a lesser included offense. However, the jury did not convict appellant of possession with intent to deliver. Appellant has not briefed or argued how he was harmed by the jury charge when he was not convicted on the allegedly erroneously-charged crime.

Without substantive argument or supporting authorities, an issue cannot be adequately evaluated, and will be overruled. Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997). Moreover, we perceive no harm to appellant by inclusion of a charge for which he was not convicted. See TEX. R. APP. P. 44.2(b). We overrule issue 6.

15

CONCLUSION

Having overruled appellant's six issues, we affirm the judgment of the trial court.


Phil Johnson
Justice


Publish.