Jason Marc NORTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10-03-00053-CR.

Court of Appeals of Texas,
Waco.

Jan. 26, 2005.

Mary Peter Cudd, Angleton, for appellant.

Jerilynn K. Yenne, Brazoria County Criminal Dist. Atty., David P. Bosserman, Brazoria County Asst. Dist. Atty., Angleton, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Appellant, Jason Norton, was indicted on one count of sexual assault and two counts of delivering drugs to a minor. A jury found him guilty of sexual assault and one count of delivering drugs to a minor. Jason pleaded true to an enhancement paragraph alleging a prior conviction for aggravated assault. The jury assessed punishment of life imprisonment and a $10,000 fine for the sexual assault, and forty years' imprisonment and a $5,000 fine for delivering drugs to a minor.

Jason appeals on three issues. His first two issues claim that his motion to suppress his statement should have been

granted: first, because it was not made voluntarily; second, because of delay in being magistrated. His third issue claims improper argument by the prosecution during the punishment phase.

■ When the voluntariness of a statement is challenged, article 38.22, section 6, of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether the challenged statement was made voluntarily. TEX.CODE CRIM. PROC. ANN. art. 38.22 § 6 (Vernon 1979). Article 38.22, section 6, is mandatory in its language and requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing. *Urias v. State,* No. 335–03, 2004 WL 2347789 (Tex.Crim.App. Oct. 20, 2004); *Wicker v. State,* 740 S.W.2d 779, 783 (Tex.Crim.App. 1987); *but see State v. Terrazas,* 4 S.W.3d 720, 728 (Tex.Crim.App.1999) ("[t]he 'right' to findings and conclusions is a statutory 'right' which is forfeited by a party's failure to insist upon its implementation"). Because the trial court did not make the required findings and conclusions, we abate this appeal for the trial court to enter findings of fact and conclusions of law regarding the voluntariness of Norton's written statement.

The trial court shall, within thirty days after the date of this Order: (1) make appropriate orders and findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

If Norton determines, after reviewing the trial court's findings, that he should amend or supplement his brief, his amended or supplemental brief will be due thirty days after the supplemental record is filed. If Norton files an amended or supplemental brief, the State will have thirty days thereafter to file a responsive brief.

The submission of July 14, 2004, is set aside.