IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00111-CR

 

Gevin Pierce,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 227th
District Court

Bexar County, Texas

Trial Court No. 2004-CR-8349

 



ABATEMENT ORDER



 

            Gevin Pierce appeals his
murder conviction and 99-year prison sentence.  His trial counsel timely filed
a “Jackson v. Denno Motion for Hearing on Voluntariness of Any
Admission or Confession Whether Written or Oral,” seeking to suppress Pierce’s
recorded and transcribed oral statement to police.  The trial court initially
denied the motion, but then withdrew the ruling to give counsel an opportunity
to brief the issues and tender proposed findings of fact and conclusions of
law.  No briefing or proposed findings and conclusions were filed.  During
trial, defense counsel objected to testimony about Pierce’s statements and, in
response to the trial court’s inquiry, mistakenly informed the trial court that
it had denied the motion to suppress (the Jackson v. Denno motion).

            Pierce has now filed a motion
to abate the appeal for a remand to the trial court for the entry of findings
of fact and conclusions of law on his Jackson v. Denno motion.  When the
voluntariness of a statement is challenged, the trial court is required to make
written fact findings and conclusions of law on whether the challenged
statement was made voluntarily.  Tex.
Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 1979).  Article 38.22,
section 6, is mandatory in its language and requires a trial court to file its
findings of fact and conclusions of law regarding the voluntariness of a
confession whether or not the defendant objects to the absence of such omitted
filing.  Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); Norton
v. State, 156 S.W.3d 668, 669 (Tex. App.—Waco 2005, order); cf. Cullen
v. State, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006).  Because the trial
court did not make the required findings and conclusions, we abate this appeal
for the trial court to enter findings of fact and conclusions of law regarding
the voluntariness of Pierce’s written statement.

            The trial court shall,
within thirty days after the date of this Order: (1) make appropriate orders
and findings of fact and conclusions of law; and (2) deliver any orders and
findings of fact and conclusions of law to the trial court clerk.

            The trial court clerk
shall: (1) prepare a supplemental clerk’s record containing all orders and
findings of fact and conclusions of law that the trial court renders or makes;
and (2) file the supplemental clerk’s record with the Clerk of this Court
within forty-five days after the date of this Order.

            Appellant’s brief will be due thirty days after the
supplemental clerk’s record is filed.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Cause
abated

Order
issued and filed September 20, 2006

Do
not publish