IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00246-CV

 

In the
Matter of J.L., a Juvenile,

                                                                                    

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 256-J-05

 



ABATEMENT ORDER



 








Appellant J.L., a juvenile, is appealing the trial
court’s adjudication of engaging in delinquent conduct by committing the
offense of aggravated assault with a deadly weapon.  His trial counsel timely
filed a Motion to Suppress the voluntariness of Appellant’s recorded statement
to police.  The trial court denied the motion.

            Appellant has filed an unopposed
motion to abate the appeal for a remand to the trial court for the entry of
findings of fact and conclusions of law on the voluntariness of Appellant’s
confession.  When the voluntariness of a statement is challenged, the trial
court is required to make written fact findings and conclusions of law on
whether the challenged statement was made voluntarily.  Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 1979); see
Tex. Fam. Code Ann. § 51.17(c)
(Vernon Supp. 2006) (providing for the application of Code of Criminal
Procedure Chapter 38 to juvenile judicial proceedings).  Article 38.22, section
6, is mandatory in its language and requires a trial court to file its findings
of fact and conclusions of law regarding the voluntariness of a confession
whether or not the defendant objects to the absence of such omitted filing.  Urias
v. State, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004); Norton v. State,
156 S.W.3d 668, 669 (Tex. App.—Waco 2005, order); cf. Cullen v. State,
195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006).  Because the trial court did not
make the required findings and conclusions, we abate this appeal for the trial
court to enter findings of fact and conclusions of law regarding the
voluntariness of Appellant’s confession.

            The trial court shall, within thirty
days after the date of this order: (1) make appropriate orders and findings of
fact and conclusions of law; and (2) deliver any orders and findings of fact
and conclusions of law to the trial court clerk.

            The trial court clerk shall: (1)
prepare a supplemental clerk’s record containing all orders and findings of
fact and conclusions of law that the trial court renders or makes; and (2) file
the supplemental clerk’s record with the Clerk of this Court within forty-five
days after the date of this order.

            Appellant’s brief will be due thirty days after the supplemental clerk’s
record is filed.

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Cause
abated

Order
issued and filed November 29, 2006

Do
not publish