IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00207-CR

 

Jimmy Parr,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-667-C2

 



ORDER










 

            Jimmy Earl Parr is in prison serving a
17 year sentence for robbery.  We dismissed his first appeal for want of
jurisdiction because the notice of appeal was late and a motion for extension
of time to file a late notice of appeal was not timely filed.  Parr v. State,
10-05-00011-CR, 2005 Tex. App. LEXIS 2263 (Tex. App.—Waco, March 23, 2005, no
pet.) (not designated for publication).  We dismissed his second appeal for
want of jurisdiction because the trial court did not have the authority under
an application for a writ of habeas corpus filed pursuant to article 11.05 of
the Code of Criminal Procedure or article V, section 8 of the Texas
Constitution to grant Parr an out-of-time appeal.  Parr v. State, 206
S.W.3d 143, 144-145 (Tex. App.—Waco 2006, no pet.).  Through a writ of habeas
corpus made returnable to the Court of Criminal Appeals, Parr was granted an
out-of-time appeal by the Court of Criminal Appeals, and Parr has now timely
filed a notice of appeal with this Court.

            Accordingly, to save the trial court
clerk and the reporter time and expense of preparing an additional record, we
order the entire record from the two previous appeals, numbers 10-05-00011-CR
and 10-05-00232-CR, moved to and filed in appeal number 10-07-00207-CR.

            With the record filed, Parr’s brief is
due 30 days from the date of this order.

 

                                                                                    PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Judge
Anderson[1]

Order
issued and filed September 12, 2007

Do
not publish









[1] Ken
Anderson, Judge of the 277th District Court of Williamson County, sitting by
assignment of the Chief Justice of the Texas Supreme Court pursuant to section
74.003(h) of the Government Code.  See Tex.
Gov't Code Ann. § 74.003(h) (Vernon 2005).








>Although informed of his right to do so, Powell
did not file a pro se brief.  Nor did the State file a brief.  We affirm.

involuntary
statement

 

            In potential issue one,
appellate counsel addresses whether the trial court abused its discretion by
considering Powell’s confession.

            The State introduced both a
video and transcript of Powell’s confession.  At the beginning of the
interview, Detective David Fallwell advised Powell of his Miranda rights
and Powell indicated that he understood these rights.  Fallwell asked Powell if
he wanted to answer some questions and, after asking what he was charged with,
Powell proceeded to do so.  Powell initially denied wrongdoing, but eventually
admitted committing two sexual assaults and evading arrest.  He denied
attempting to assault a third victim.  Powell gave detailed accounts of the
assaults.

Trial counsel objected to admission of
the statement on the basis of article 38.22 of the Code of Criminal Procedure,
arguing that the statement failed to “reflect on its face that Mr. Powell intelligently,
knowingly and intelligently [sic] waived his rights to remain silent.”  See
Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon 2005).  After hearing the first part of the recording, the trial
court found that Fallwell could have “used different language,” but the statement
“substantially complies with Miranda” and 38.22.

            The trial court failed to
issue findings of fact and conclusions of law.  See Tex. Code Crim. Proc. Ann. art. 38.22 §6; see also Urias v. State, 155
S.W.3d 141, 142 (Tex. Crim. App. 2004) (en banc).[1]  Abatement of this appeal would ordinarily
be the proper remedy.  See Norton
v. State, 156 S.W.3d
668, 669 (Tex. App.—Waco 2005, abatement order); see also Gutierrez v. State,
71 S.W.3d 372, 380 (Tex. App.—Amarillo 2001, pet. ref’d).  Nevertheless,
we decline to abate because, assuming without deciding that Powell’s statement
was inadmissible, any error would be harmless.[2] 
See Gutierrez, 71 S.W.3d at 380.

            “Lisa” and “Lauren” testified in detail to
the sexual assaults.  Both women were threatened.  Lisa heard metal clinking
metal, which led her to believe that Powell had a weapon.  Lauren testified
that Powell held a knife to her throat.  Forensic technician Liza Phillips
testified that a knife was found at both crime scenes.

Officer Phillip Dorsett testified that one
of the bedroom windows of Lisa’s home had been shattered and opened.  Someone
had placed blue igloo coolers in front of the window, as if to look through the
window.  Officer Dennis Bain testified that a screen had been removed from a
window of Lauren’s home and the window was open.

             “Lucy” testified that she contacted
police after hearing scratching on her roommate’s window.  Officer Stephen
Schoellman arrived to find Powell standing at the back window with something in
his hands, as if he was trying to remove something from the window.  Powell
ran, but was eventually apprehended.  He was in possession of condoms, blue
latex gloves, and a screwdriver.

            Phillips recovered shoe
prints from Lisa’s and Lauren’s homes.  Both prints appeared to be from the
same type of shoe.  Lauren told Phillips that the sole of the suspect’s shoe
was soft.  Phillips later compared Powell’s shoes to the prints.  The shoes resembled
the prints and the soles matched Lauren’s description.  Phillips also testified
that Powell was in possession of the same brand of condoms as those found at
the crime scenes and the gloves matched those used at Powell’s place of
employment.  Fallwell testified that gloves were found at the home of Powell’s
girlfriend and that Powell’s work uniform had loops on the sleeves.  Lauren had
described loops on the sleeves of her assailant.  Additionally, Fallwell
testified that Powell’s girlfriend delivered several items to police that had been
taken during the assaults.

            In light of the evidence showing
Powell’s commission of the charged offenses, we cannot say that the admission
of his confession into evidence, even if erroneous, had a “substantial and injurious effect” on
the trial court’s sentencing decision.  Brooks v. State,
76 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  Because
Powell’s substantial rights were not affected, this issue presents nothing for appeal. 
See Tex. R. App. P.
44.2(b).

 

 

 

full range of
punishment

In potential issue two, appellate
counsel addresses whether the trial court failed to consider the full range of
punishment.  He points to the following statements made by the trial court
after sentence was imposed:

Mr. Powell, you may now look forward to
the next 10,730 days of your life in anticipation of your eligibility for
parole.  During those 257,496 hours, you will be able to consider what the
world will be like when you have reached the age of 66 years, four months, and
four days.  During those 15,449,760 minutes you can ponder what the decision of
the Board of Pardons and Paroles might be in March of 2038.

 

You might wish to remember that Charles
Manson and Sirhan Sirhan have had multiple parole hearings and remained
confined.  The authorities in California have decided that they should remain
where they are and not returned to society that they so cruelly terrorized. 
While I may not be here in 2038, I am sure our Board will make a fair and
informed decision.

 

            Due process requires a
neutral and detached hearing body or officer.  Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App.
2006).  Absent a
clear showing of bias, a trial court’s actions will be presumed to have been
correct.  Id.  Although Powell did not present this issue to the trial
court, we need not determine whether it is preserved because the record does
not suggest that the trial court entered a predetermined sentence.  See id;
see also Booth v.
State, No. 05-08-00622-CR, 2009 Tex. App. LEXIS 4248, at *7-8 (Tex.
App.—Dallas June 16, 2009, no pet.) (not designated for publication).  The trial court’s comments were made
after sentence was imposed and after the trial court had heard evidence of
Powell’s crimes.  See Brumit, 206 S.W.3d at 645-46; see also Booth, 2009 Tex. App. LEXIS 4248, at *7-8.  This issue presents nothing for
appeal.  

 

Excessiveness
of punishment

In potential issue three, appellate
counsel addresses whether Powell’s punishment is excessive.  Powell did not challenge
his punishment at trial.  This issue is not preserved for appellate review.[3] 
See Wynn v. State, 219 S.W.3d 54, 61 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); see also Steadman v. State, 160 S.W.3d 582,
586 (Tex. App.—Waco 2005, pet. ref’d); Tex. R. App. P.
33.1(a).

Relevancy of
items in vehicle

In potential issue four, appellate
counsel addresses whether items found in Powell’s girlfriend’s vehicle were
relevant.

Fallwell testified that a BJ Services
uniform, blue latex gloves, and two serrated knives were found in the vehicle
belonging to Powell’s girlfriend.  The State sought to introduce seven photographs
of these items.  Trial counsel objected:

I’m not sure what connection the knives
and gloves and what any other evidence that was found in that Ford Explorer
connect to Mr. Powell.  I think the officer testified to his knowledge my
client had no expectation of privacy in that particular vehicle, it was [the
girlfriend’s], so I object to relevance to the assessment of punishment in this
case.

 

The trial court overruled the objection,
noting that it “goes more to the weight rather than the admissibility.”

            The State had previously offered
and admitted eight other photographs of these items, without objection.  See
Lasher v. State, 202 S.W.3d 292, 295 n.1 (Tex.
App.—Waco 2006, pet. ref’d); see also Broussard v. State, 163 S.W.3d
312, 318 (Tex. App.—Beaumont 2005, no pet.).  Powell did not object to Fallwell’s testimony describing
the objected-to photographs.  See Jones v. State,
944 S.W.2d 642, 652 (Tex. Crim. App. 1996).  This issue has not been preserved for appellate review.[4]
 See Tex. R. App. P. 33.1(a).

admissible
evidence

In potential issue five, appellate
counsel addresses whether a question by the prosecutor amounts to inadmissible
evidence.

During Lisa’s testimony, the State
asked, “When you hear the way he talked to Detective Fallwell during that interview,
did that sound to you in your mind like he recognized the gravity of what he
had done?”  Trial counsel objected on grounds of speculation.  The trial court
overruled the objection.  Lisa then testified that Powell did not appear to
take responsibility and appeared to minimize what he did. 

While a witness cannot possess personal
knowledge of another’s mental state, he may possess personal knowledge of facts
from which an opinion regarding mental state may be drawn.  Solomon v. State, 49 S.W.3d 356, 364 (Tex. Crim. App.
2001).  Having observed the videotape of Powell’s interview, Lisa could draw an opinion as to whether
Powell appeared to take responsibility or minimize his actions.  See id.;
see also Tex. R. Evid.
701.  We cannot say that her
opinion would be “helpful to a clear understanding” of her testimony or the
“determination of a fact in issue.”  Tex. R. Evid.
701.  Nevertheless, the
trial court had also seen the videotape and could draw its own conclusions. 
Lisa’s opinion added little weight to her testimony.  See Solomon, 49 S.W.3d at 365.  Thus, we have a fair assurance that Lisa’s
opinion did not influence the trial court’s punishment decision or had but a slight
effect.  See id.; see also Tex.
R. App. P. 44.2(b).  This issue presents nothing for appeal.  

Independent
Review

Having
conducted an independent review of the record, we find this appeal to be wholly
frivolous.  We affirm the
judgment.  Pursuant to Rule of Appellate Procedure 48.4,
counsel must send Powell a copy of our decision by certified mail, return
receipt requested, at Powell’s last known address.  Tex. R.
App. P. 48.4. 
Counsel must also notify
Powell of his right to file a pro se petition for discretionary review.[5] 
Id.; see also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva v. State, 209 S.W.3d 239, 249 (Tex.
App.—Waco 2006, no pet.).




 
 
 
 
 
  
 
 




 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed March 31, 2010

Do not publish

[CRPM]

 

*           (Chief
Justice Gray concurs with the Court’s judgment to the extent that it affirms
the trial court’s judgments.  He does not join the opinion.  A separate opinion
will not issue.)

 









[1]               This is true even where,
as here, the defendant fails to object to the absence of findings.  See Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App.
2004) (en banc).

 





[2]
              Appellate counsel
contends that the record shows that Powell’s confession was voluntary; thus,
abatement would be moot.  The law is clear that findings are necessary when a
question is raised as to voluntariness of a confession and that abatement is
the proper remedy.  See Tex.
Code Crim. Proc. Ann. art. 38.22 §6
(Vernon 2005); see also Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim.
App. 2004) (en banc).

 





[3]               Even if
error was preserved, each sentence is within the applicable statutory range.  See
Buster v. State, 144 S.W.3d 71, 81 (Tex.
App.—Tyler 2004, no pet.) (“[I]f the sentence falls within the
limits prescribed by a valid statute, the punishment is not excessive, cruel, or unusual.”); see
also Tex. Pen. Code Ann. § 22.021(e) (Vernon
Supp. 2009) (Aggravated sexual assault); Tex.
Pen. Code Ann. § 30.02(d) (Vernon 2003) (Burglary of a habitation);
Tex. Pen. Code Ann. § 38.04(b)
(Vernon Supp. 2009) (Evading arrest); Tex.
Pen. Code Ann. § 38.06(c) (Vernon Supp. 2009) (Escape); Tex.
Pen. Code Ann.
§ 15.01 (Vernon 2003) (Criminal attempt); Tex.
Pen. Code Ann. § 12.32 (Vernon Supp. 2009) (First degree felony); Tex. Pen. Code Ann. § 12.33 (Vernon Supp.
2009) (Second degree felony); Tex. Pen. Code Ann. § 12.35(a) (Vernon Supp. 2009) (State
jail felony); Tex. Pen. Code Ann.
§ 12.21 (Vernon 2003) (Class A misdemeanor).

 

 





[4]               Even if error was preserved,
the record shows that Powell was employed by BJ Services, his uniform had loops
on the sleeves, Lauren described loops on the sleeves of her assailant, and knives
and blue latex gloves, like the ones found in the vehicle, were found at both
crime scenes.  The trial court could reasonably conclude that these items
connected Powell to the offenses.  See Franklin v. State,
No. 05-08-01714-CR, 2010 Tex. App. LEXIS 639, at *9-10 (Tex.
App.—Dallas Jan. 29, 2010, no pet. h.) (not designated for publication).





[5]               We typically grant
counsel’s motion to withdraw, effective upon counsel’s compliance with the
aforementioned notification requirement as evidenced by “a letter [to this
Court] certifying his compliance.”  See Tex. R.
App. P. 48.4. 
In this case, however, appellate counsel filed his motion to withdraw with the
trial court in accordance with Sowels v. State, 45 S.W.3d 690, 692 (Tex. App.—Waco
2001, no pet.), overruled in part by Meza v. State, 206
S.W.3d 684, 689 (Tex. Crim. App. 2006).  The Court of Criminal Appeals has
overruled this aspect of Sowels, and this
Court has “jurisdiction and authority to grant a motion to withdraw that
accompanies an Anders
brief” if the Court determines that counsel has satisfied his professional
obligations and that the appeal is frivolous.  Meza, 206 S.W.3d at 689; Alexander v. State, No.
10-07-00090-CR, 2008 Tex.
App. LEXIS 7542, at *8 n.1 (Tex. App.—Waco Oct. 8, 2008, pet. dism’d)
(not designated for publication).