

# IN THE
# TENTH COURT OF APPEALS

### Nos. 10-08-00379-CR, 10-08-00380-CR, 10-08-00381-CR, 10-08-00382-CR, and 10-08-00383-CR

**FRANK KING POWELL,**

Appellant

 v.

**THE STATE OF TEXAS,**

Appellee

### From the 361st District Court
### Brazos County, Texas
### Trial Court Nos. 08-01055-CRM-361, 08-01834-CRF-361, 08-01835-CRF-361, 08-01836-CRF-361, and 08-03415-CRM-361

## MEMORANDUM OPINION

After accepting Frank King Powell's guilty pleas and conducting a punishment hearing, the trial court sentenced Powell to life in prison for three counts of aggravated sexual assault, sixty-years in prison for two counts of burglary of a habitation with intent to commit aggravated sexual assault, twenty years in prison for attempted burglary of a habitation with intent to commit aggravated sexual assault, two years in

State jail for attempted escape, and 128 days in jail for evading arrest or detention. Powell's appellate counsel filed an *Anders* brief presenting five potential issues. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Although informed of his right to do so, Powell did not file a *pro se* brief. Nor did the State file a brief. We affirm.

## INVOLUNTARY STATEMENT

In potential issue one, appellate counsel addresses whether the trial court abused its discretion by considering Powell's confession.

The State introduced both a video and transcript of Powell's confession. At the beginning of the interview, Detective David Fallwell advised Powell of his *Miranda* rights and Powell indicated that he understood these rights. Fallwell asked Powell if he wanted to answer some questions and, after asking what he was charged with, Powell proceeded to do so. Powell initially denied wrongdoing, but eventually admitted committing two sexual assaults and evading arrest. He denied attempting to assault a third victim. Powell gave detailed accounts of the assaults.

Trial counsel objected to admission of the statement on the basis of article 38.22 of the Code of Criminal Procedure, arguing that the statement failed to "reflect on its face that Mr. Powell intelligently, knowingly and intelligently [sic] waived his rights to remain silent." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005). After hearing the first part of the recording, the trial court found that Fallwell could have "used different language," but the statement "substantially complies with *Miranda*" and 38.22.

The trial court failed to issue findings of fact and conclusions of law. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 §6; *see also Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (en banc).[1]  Abatement of this appeal would ordinarily be the proper remedy. *See Norton v. State*, 156 S.W.3d 668, 669 (Tex. App.—Waco 2005, abatement order); *see also Gutierrez v. State*, 71 S.W.3d 372, 380 (Tex. App.—Amarillo 2001, pet. ref'd).  Nevertheless, we decline to abate because, assuming without deciding that Powell's statement was inadmissible, any error would be harmless.[2]  *See Gutierrez*, 71 S.W.3d at 380.

"Lisa" and "Lauren" testified in detail to the sexual assaults.  Both women were threatened.  Lisa heard metal clinking metal, which led her to believe that Powell had a weapon.  Lauren testified that Powell held a knife to her throat.  Forensic technician Liza Phillips testified that a knife was found at both crime scenes.

Officer Phillip Dorsett testified that one of the bedroom windows of Lisa's home had been shattered and opened.  Someone had placed blue igloo coolers in front of the window, as if to look through the window.  Officer Dennis Bain testified that a screen had been removed from a window of Lauren's home and the window was open.

"Lucy" testified that she contacted police after hearing scratching on her roommate's window.  Officer Stephen Schoellman arrived to find Powell standing at

---

[1]     This is true even where, as here, the defendant fails to object to the absence of findings. *See Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (en banc).

[2]     Appellate counsel contends that the record shows that Powell's confession was voluntary; thus, abatement would be moot.  The law is clear that findings are necessary when a question is raised as to voluntariness of a confession and that abatement is the proper remedy. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 §6 (Vernon 2005); *see also Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (en banc).

the back window with something in his hands, as if he was trying to remove something from the window. Powell ran, but was eventually apprehended. He was in possession of condoms, blue latex gloves, and a screwdriver.

Phillips recovered shoe prints from Lisa's and Lauren's homes. Both prints appeared to be from the same type of shoe. Lauren told Phillips that the sole of the suspect's shoe was soft. Phillips later compared Powell's shoes to the prints. The shoes resembled the prints and the soles matched Lauren's description. Phillips also testified that Powell was in possession of the same brand of condoms as those found at the crime scenes and the gloves matched those used at Powell's place of employment. Fallwell testified that gloves were found at the home of Powell's girlfriend and that Powell's work uniform had loops on the sleeves. Lauren had described loops on the sleeves of her assailant. Additionally, Fallwell testified that Powell's girlfriend delivered several items to police that had been taken during the assaults.

In light of the evidence showing Powell's commission of the charged offenses, we cannot say that the admission of his confession into evidence, even if erroneous, had a "substantial and injurious effect" on the trial court's sentencing decision. *Brooks v. State*, 76 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Because Powell's substantial rights were not affected, this issue presents nothing for appeal. *See* TEX. R. APP. P. 44.2(b).

## FULL RANGE OF PUNISHMENT

In potential issue two, appellate counsel addresses whether the trial court failed to consider the full range of punishment. He points to the following statements made by the trial court after sentence was imposed:

> Mr. Powell, you may now look forward to the next 10,730 days of your life in anticipation of your eligibility for parole. During those 257,496 hours, you will be able to consider what the world will be like when you have reached the age of 66 years, four months, and four days. During those 15,449,760 minutes you can ponder what the decision of the Board of Pardons and Paroles might be in March of 2038.

> You might wish to remember that Charles Manson and Sirhan Sirhan have had multiple parole hearings and remained confined. The authorities in California have decided that they should remain where they are and not returned to society that they so cruelly terrorized. While I may not be here in 2038, I am sure our Board will make a fair and informed decision.

Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Id*. Although Powell did not present this issue to the trial court, we need not determine whether it is preserved because the record does not suggest that the trial court entered a predetermined sentence. *See id*; *see also Booth v. State*, No. 05-08-00622-CR, 2009 Tex. App. LEXIS 4248, at *7-8 (Tex. App.—Dallas June 16, 2009, no pet.) (not designated for publication). The trial court's comments were made after sentence was imposed and after the trial court had heard evidence of Powell's crimes. *See Brumit*, 206 S.W.3d at 645-46; *see also Booth*, 2009 Tex. App. LEXIS 4248, at *7-8. This issue presents nothing for appeal.

**EXCESSIVENESS OF PUNISHMENT**

In potential issue three, appellate counsel addresses whether Powell's punishment is excessive. Powell did not challenge his punishment at trial. This issue is not preserved for appellate review.[3] *See Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Steadman v. State*, 160 S.W.3d 582, 586 (Tex. App.—Waco 2005, pet. ref'd); TEX. R. APP. P. 33.1(a).

**RELEVANCY OF ITEMS IN VEHICLE**

In potential issue four, appellate counsel addresses whether items found in Powell's girlfriend's vehicle were relevant.

Fallwell testified that a BJ Services uniform, blue latex gloves, and two serrated knives were found in the vehicle belonging to Powell's girlfriend. The State sought to introduce seven photographs of these items. Trial counsel objected:

> I'm not sure what connection the knives and gloves and what any other evidence that was found in that Ford Explorer connect to Mr. Powell. I think the officer testified to his knowledge my client had no expectation of privacy in that particular vehicle, it was [the girlfriend's], so I object to relevance to the assessment of punishment in this case.

---

[3] Even if error was preserved, each sentence is within the applicable statutory range. *See Buster v. State*, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.) ("[I]f the sentence falls within the limits prescribed by a valid statute, the punishment is not excessive, cruel, or unusual."); *see also* TEX. PEN. CODE ANN. § 22.021(e) (Vernon Supp. 2009) (Aggravated sexual assault); TEX. PEN. CODE ANN. § 30.02(d) (Vernon 2003) (Burglary of a habitation); TEX. PEN. CODE ANN. § 38.04(b) (Vernon Supp. 2009) (Evading arrest); TEX. PEN. CODE ANN. § 38.06(c) (Vernon Supp. 2009) (Escape); TEX. PEN. CODE ANN. § 15.01 (Vernon 2003) (Criminal attempt); TEX. PEN. CODE ANN. § 12.32 (Vernon Supp. 2009) (First degree felony); TEX. PEN. CODE ANN. § 12.33 (Vernon Supp. 2009) (Second degree felony); TEX. PEN. CODE ANN. § 12.35(a) (Vernon Supp. 2009) (State jail felony); TEX. PEN. CODE ANN. § 12.21 (Vernon 2003) (Class A misdemeanor).

The trial court overruled the objection, noting that it "goes more to the weight rather than the admissibility."

The State had previously offered and admitted eight other photographs of these items, without objection. *See Lasher v. State*, 202 S.W.3d 292, 295 n.1 (Tex. App.—Waco 2006, pet. ref'd); *see also Broussard v. State*, 163 S.W.3d 312, 318 (Tex. App.—Beaumont 2005, no pet.). Powell did not object to Fallwell's testimony describing the objected-to photographs. *See Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). This issue has not been preserved for appellate review.[4] *See* TEX. R. APP. P. 33.1(a).

## ADMISSIBLE EVIDENCE

In potential issue five, appellate counsel addresses whether a question by the prosecutor amounts to inadmissible evidence.

During Lisa's testimony, the State asked, "When you hear the way he talked to Detective Fallwell during that interview, did that sound to you in your mind like he recognized the gravity of what he had done?" Trial counsel objected on grounds of speculation. The trial court overruled the objection. Lisa then testified that Powell did not appear to take responsibility and appeared to minimize what he did.

While a witness cannot possess personal knowledge of another's mental state, he may possess personal knowledge of facts from which an opinion regarding mental state may be drawn. *Solomon v. State*, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001). Having

---

[4]  Even if error was preserved, the record shows that Powell was employed by BJ Services, his uniform had loops on the sleeves, Lauren described loops on the sleeves of her assailant, and knives and blue latex gloves, like the ones found in the vehicle, were found at both crime scenes. The trial court could reasonably conclude that these items connected Powell to the offenses. *See Franklin v. State*, No. 05-08-01714-CR, 2010 Tex. App. LEXIS 639, at *9-10 (Tex. App.—Dallas Jan. 29, 2010, no pet. h.) (not designated for publication).

observed the videotape of Powell's interview, Lisa could draw an opinion as to whether Powell appeared to take responsibility or minimize his actions. *See id*.; *see also* TEX. R. EVID. 701. We cannot say that her opinion would be "helpful to a clear understanding" of her testimony or the "determination of a fact in issue." TEX. R. EVID. 701. Nevertheless, the trial court had also seen the videotape and could draw its own conclusions. Lisa's opinion added little weight to her testimony. *See Solomon*, 49 S.W.3d at 365. Thus, we have a fair assurance that Lisa's opinion did not influence the trial court's punishment decision or had but a slight effect. *See id*.; *see also* TEX. R. APP. P. 44.2(b). This issue presents nothing for appeal.

## INDEPENDENT REVIEW

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Powell a copy of our decision by certified mail, return receipt requested, at Powell's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Powell of his right to file a *pro se* petition for discretionary review.[5] *Id*.; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.).

---

[5] We typically grant counsel's motion to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4. In this case, however, appellate counsel filed his motion to withdraw with the trial court in accordance with *Sowels v. State*, 45 S.W.3d 690, 692 (Tex. App.—Waco 2001, no pet.), *overruled in part by Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006). The Court of Criminal Appeals has overruled this aspect of *Sowels*, and this Court has "jurisdiction and authority to grant a motion to withdraw that accompanies an *Anders* brief" if the Court determines that counsel has satisfied his professional obligations and that the appeal is frivolous. *Meza*, 206 S.W.3d at 689; *Alexander v. State*, No. 10-07-00090-CR, 2008 Tex. App. LEXIS 7542, at *8 n.1 (Tex. App.—Waco Oct. 8, 2008, pet. dism'd) (not designated for publication).

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed March 31, 2010
Do not publish
[CRPM]

*      (Chief Justice Gray concurs with the Court's judgment to the extent that it affirms the trial court's judgments. He does not join the opinion. A separate opinion will not issue.)